IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY PLUMMER, #41080                                            PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:08-cv-147-DPJ-JCS

CLARKE COUNTY, et al.                                        DEFENDANTS

<u>ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Plummer is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Clarke County and the State of Mississippi. Upon liberal review of the record, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff was convicted of statutory rape by the Circuit Court of Clarke County, Mississippi. Plaintiff's Response [9] at 2. Plaintiff complains that he has been falsely imprisoned as a result of a "substantial violation of his constitutional rights." Complaint [1] at 2. Plaintiff states that the Defendants deliberately acted in order to ensure Plaintiff's confinement. *Id.* at 1-2. Plaintiff is complaining that his constitutional rights were violated by the employees of Clarke County Mississippi and the State of Mississippi at his criminal trial resulting in his current incarceration.[1] *Id.* at 2-3. As relief in this action, Plaintiff requests that he be awarded

---

[1] This Court notes that Plaintiff filed a separate civil action in this Court (4:08-cv-33-DPJ-JCS) regarding this same conviction. The previous civil action named Larry E. Roberts, Veldore Young and Lisa Howell and was dismissed based on immunity for all Defendants. It appears to this Court that Plaintiff has now filed this civil action with the same allegations and is now naming the employers of the Defendants from the prior civil action.

compensatory and punitive damages. *Id.* at 3.

## Analysis

Title 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides that the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32(1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). A frivolous *in forma pauperis* complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or in fact. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

To the extent Plaintiff is seeking monetary damages for his continued confinement, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary

2

damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants, it would necessarily imply the invalidity of his current sentence and imprisonment. In addition, Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487.[2] Therefore, the Court has determined that Plaintiff's claims are barred by *Heck*, at this time. As such, this Complaint will be dismissed.

## Conclusion

As discussed above, Plaintiff's claims under 42 U.S.C. § 1983 are barred. Consequently, this case will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii). *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

---

[2] The Court's order [7] entered February 3, 2009, specifically directed the Plaintiff to state if the complained of conviction and/or sentence had been invalidated by any of these means. In his response [9] filed February 10, 2009, Plaintiff stated that his conviction and/or sentence had not been invalidated.

3

<u>Three-strikes provision</u>

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike".[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 21th day of July, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."